**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAWN WILSON, on behalf of herself
and those similarly situated,

    Plaintiff,

v.                                                Case No. 2:07-cv-438-FtM-34SPC

J.D. TREE SERVICE, INC., a Florida
corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 46; Report), entered on June 6, 2008, recommending that the Court grant the Amended Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. No. 45; Joint Motion), approve the parties' settlement, and dismiss this action with prejudice. See Report at 2. To date, no objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court

is not required to conduct a <u>de novo</u> review of those findings, but will review the legal conclusions in the report <u>de novo</u> to determine whether there is any clear error. <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); <u>see also</u> 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a <u>de novo</u> review of the legal conclusions, the Court finds that there is no clear error on the face of the record, and it will accept the recommendation of the Magistrate Judge. In this case, Plaintiff filed suit against Defendant on July 10, 2007, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime and wages. <u>See</u> Complaint & Demand for Jury Trial (Dkt. No. 1). Thereafter, the parties engaged in settlement negotiations as well as attend mediation on April 18, 2008, which resulted in a compromise of the issues and claims raised in this case. <u>See</u> Joint Motion at 3 & Ex. 1.

Upon review of the record, including the Joint Motion, Report, and Mediation Settlement Agreement, the undersigned agrees with the Magistrate Judge that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[1] Thus, the Court will accept the Report.

---

[1] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" <u>King v. My Online Neighborhood, Inc.</u>, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting <u>Perez v. Nationwide Protective Servs.</u>, Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 46) is **ACCEPTED**.

2. The Amended Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. No. 45) is **GRANTED**.

3. For purposes of satisfying the FLSA, the Mediation Settlement Agreement is **APPROVED**.[2]

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Chambers, this 31st day of July, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc1
Copies to:

Counsel of Record

---

[2] The Court declines to retain jurisdiction to enforce the terms of the Mediation Settlement Agreement. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.